ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 17 2026

at 2 o'clock and 47 min. ⬤ M
Lucy H. Carrillo, Clerk

CC: SASP
& filer

THEODORE HAUGLAND

99-009 Kalaloa St Ste D2016

Honolulu County, Aiea, HI 96701

Telephone: (202)933-3332

Facsimile: (202)933-3335

Email: administrator@civillawinc.com

*Plaintiff, Pro Se*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

**HONOLULU COUNTY DIVISION**

| | |
|---|---|
| THEODORE HAUGLAND,<br><br>      PLAINTIFF,<br><br>v.<br><br>OPENAI, INC.; OPENAI OPCO LLC;<br>OPENAI GP LLC; OPENAI, LLC; OPENAI<br>GLOBAL LLC; OAI CORPORATION, LLC;<br>OPENAI HOLDINGS, LLC; SAMUEL<br>ALTMAN, GREGORY BROCKMAN; and<br>any other corporate affiliates, officers, agents,<br>or successors identified in discovery,<br><br>      DEFENDANT(s). | Case No.: [To Be Assigned]<br><br>Judge: [To Be Assigned]<br><br>C 26-00374 SASP WRP<br><br>**CIVIL COMPLAINT AND**<br><br>**DEMAND FOR JURY TRIAL** |

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

1

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

**CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff **Theodore Haugland**, proceeding pro se, brings this action against Defendants OpenAI and its corporate affiliates and principals (collectively, "OpenAI" or "Defendants") and alleges as follows.

## I. NATURE OF THE ACTION

1. This is an individual civil action by Plaintiff **Theodore Haugland**, a resident of Honolulu County, Hawaii, asserting federal and state claims arising from Defendants' alleged unauthorized ingestion, copying, use, and commercial exploitation of Plaintiff's preexisting creative and commercial works — including website content, authored text, technical documentation, software, and physical-product designs — in the development, training, and commercialization of large language models and related AI products.

2. Plaintiff developed and commercially used the works at issue for many years prior to Defendants' commercial operations. Plaintiff served as the primary shareholder and president of more than one hundred business entities with principal activities centered in Alaska and Hawaii and with additional business exposure in Washington, D.C. Those enterprises produced original written works, product specifications, website content, and other materials that Plaintiff created, published, and monetized.

3. On information and belief, Defendants' automated ingestion and training pipelines incorporated Plaintiff's publicly available and proprietary materials into training corpora and used those materials to improve model performance, generate derivative outputs, and support commercial offerings. Plaintiff alleges that Defendants derived substantial commercial benefit from those models while Plaintiff received no authorization, attribution, or compensation.

4. Plaintiff brings claims for copyright infringement, violations of the Digital Millennium Copyright Act (DMCA), violations of the Electronic Communications Privacy Act (ECPA), invasion of privacy torts, unfair and deceptive trade practices under Hawaii law, negligence, unjust enrichment, and seeks declaratory, injunctive, and monetary relief. Plaintiff reserves the right to amend and expand claims as discovery proceeds.

2

CIVIL COMPLAINT

## II. PARTIES AND JURISDICTION

5. **Plaintiff. Theodore Haugland** is an individual and resident of Honolulu County, State of Hawaii. Plaintiff has for many years developed websites, authored original written and technical materials, and designed and marketed physical products. Plaintiff brings this action in his individual capacity and reserves the right to amend the Complaint to add claims on behalf of minor family members or to add next-friend plaintiffs if and when he obtains counsel or legal authority to do so.

6. **Corporate Defendants.** On information and belief, the corporate defendants include entities responsible for developing, training, marketing, and commercializing the OpenAI family of products and services, including but not limited to: **OpenAI, Inc.; OpenAI OpCo LLC; OpenAI GP LLC; OpenAI, LLC; OpenAI Global LLC; OAI Corporation, LLC; OpenAI Holdings, LLC** (collectively, "OpenAI" or "Corporate Defendants"). Plaintiff will identify additional corporate affiliates, agents, or successors as discovery reveals their roles.

7. **Individual Defendants.** On information and belief, **Samuel Altman** and **Gregory Brockman** are individuals who, in their capacities as senior executives, officers, directors, founders, or controlling persons of one or more of the Corporate Defendants, participated in, directed, authorized, or otherwise materially contributed to the policies, practices, and decisions that led to the acquisition, ingestion, and commercial exploitation of third-party creative works. Plaintiff therefore names Samuel Altman and Gregory Brockman as individual defendants in their personal and official capacities to the extent permitted by law.

8. **Nature of Defendants' Activities.** On information and belief, Defendants operate an integrated enterprise that develops, trains, and markets large language models and related AI products and services to users and commercial partners throughout the United States and internationally. Defendants maintain operations, personnel, servers, and business activities that reach Hawaii residents and derive revenue from services accessible in this District.

3

CIVIL COMPLAINT

9. **Subject-Matter Jurisdiction.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts federal claims under the Copyright Act (17 U.S.C. § 101 et seq.), the DMCA (17 U.S.C. § 1202 et seq.), and the ECPA (18 U.S.C. §§ 2510 et seq.). The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

10. **Personal Jurisdiction.** Defendants purposefully direct commercial activities into the United States and into Hawaii, maintain continuous contacts with the forum through marketing, sales, and provision of services to Hawaii residents, and derive substantial revenue from users and customers in this District. Exercising jurisdiction over Defendants is consistent with due process.

11. **Venue.** Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III. FACTUAL BACKGROUND

12. **Plaintiff's Prior Development and Ownership.** For many years prior to the formation and commercial operations of OpenAI, Plaintiff created, published, and commercially exploited original written works, website content, technical documentation, software, and physical-product designs. Plaintiff served as primary shareholder and president of more than one hundred business entities with principal activities in Alaska and Hawaii and with additional exposure in Washington, D.C. Plaintiff's works were created, published, and used in commerce before Defendants' alleged use.

13. **Forms of Plaintiff's Works.** Plaintiff's materials exist in both public and proprietary forms. Some content was published on websites and accessible to automated crawlers; other materials were maintained in private repositories, product documentation, or other controlled locations. Plaintiff's works include authored text, technical specifications, product design documents, and other creative and commercial materials.

14. **Defendants' Data Ingestion Practices.** On information and belief, Defendants operate automated systems that ingest very large corpora of text, code, images, and other materials

4

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

from public and private sources to train and refine large language models and related AI systems. Those ingestion pipelines draw on diverse sources to improve model capabilities.

15. **Use of Plaintiff's Materials.** On information and belief, Defendants' ingestion and training pipelines incorporated substantial portions of Plaintiff's authored content, website text, and product documentation. Defendants used those materials to improve model performance, to generate outputs that reproduce or closely paraphrase Plaintiff's original works, and to support commercial offerings to users and partners.

16. **Derivation and Reproduction.** Plaintiff has observed, and alleges on information and belief, that Defendants' models and services have produced outputs that reproduce or closely mirror Plaintiff's original text, technical descriptions, and product concepts. Those outputs have been made available to Defendants' users and commercial partners through subscription services, APIs, and other channels.

17. **Commercial Exploitation and Unjust Enrichment.** Defendants have commercialized models and services that benefited from ingestion and use of third-party materials, including Plaintiff's works. Defendants monetized those capabilities through subscriptions, licensing, partnerships, and other revenue streams, while Plaintiff received no authorization, attribution, or compensation.

18. **Concrete Harms.** As a direct and proximate result of Defendants' alleged conduct, Plaintiff has suffered and continues to suffer concrete harms, including diminution in the economic value of his works, lost licensing and sales opportunities, reputational injury, and the burdens and costs of investigating and attempting to remediate unauthorized uses.

19. **Pattern and Enterprise Conduct.** Plaintiff alleges that the ingestion, retention, and commercial exploitation of third-party creative and commercial materials is systemic and integral to Defendants' model-development and commercialization strategy. Multiple corporate entities and senior individuals within the OpenAI enterprise participated in or benefitted from these coordinated activities.

20. **Need for Discovery.** Because Defendants' corporate structure and the technical pathways by which training data are acquired and processed are complex and not fully public,

5

CIVIL COMPLAINT

Plaintiff pleads these facts on information and belief and will seek discovery to identify the precise corporate actors, data sources, ingestion mechanisms, and decision-makers responsible for the alleged uses of Plaintiff's works.

## IV. CLAIMS FOR RELIEF

Plaintiff realleges and incorporates by reference the preceding paragraphs and asserts the following claims against Defendants.

### Count 1 — Copyright Infringement (17 U.S.C. § 501 et seq.)

21. Plaintiff is the author and owner, or exclusive licensee, of original written works, website content, technical documentation, and product designs created and used in commerce prior to Defendants' alleged use.

22. On information and belief, Defendants copied, reproduced, distributed, and otherwise used substantial portions of Plaintiff's protected works in assembling training corpora, producing model outputs, and providing commercial services to users and partners.

23. Defendants' copying and use were without Plaintiff's authorization, license, or consent.

24. Plaintiff has suffered actual damages and Defendants have been unjustly enriched by revenues and other commercial benefits attributable to the unauthorized use of Plaintiff's works.

25. Plaintiff seeks actual damages and Defendants' profits attributable to the infringement, or statutory damages where available, injunctive relief to prevent further infringement, and costs and attorneys' fees as permitted by law.

### Count 2 — Digital Millennium Copyright Act Violations (17 U.S.C. § 1202)

26. On information and belief, Defendants' ingestion and redistribution practices removed, altered, or failed to preserve copyright management information (CMI) associated with Plaintiff's works, or otherwise engaged in conduct that induced, enabled, or concealed infringement.

27. Defendants knew or had reasonable grounds to know that such removal or alteration would facilitate infringement.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

6

CIVIL COMPLAINT

28. Plaintiff suffered injury and Defendants obtained economic benefit from the resulting distribution and use of the works.

29. Plaintiff seeks statutory and/or actual damages, injunctive relief, and any other remedies available under the DMCA.

**Count 3 — Electronic Communications Privacy Act (18 U.S.C. §§ 2510 et seq.)**

30. On information and belief, Defendants intercepted, accessed, or obtained the contents of electronic communications or stored electronic content (including private website content, messages, or other electronic materials) without lawful consent or authorization in connection with data-ingestion and model-training activities.

31. Such interception or access was not authorized by the owners of the communications and was not incidental to a lawful service provision.

32. Plaintiff suffered concrete harms from the unauthorized access and use of electronic content.

33. Plaintiff seeks statutory and actual damages, injunctive relief to prevent further unlawful interception or access, and any other relief available under the ECPA.

**Count 4 — Intrusion Upon Seclusion (Invasion of Privacy)**

34. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's private affairs by collecting, retaining, or enabling access to private materials in a manner that would be highly offensive to a reasonable person.

35. The methods and scope of data acquisition and reuse—particularly where private or non-public materials were involved—constitute an intrusion that is highly offensive.

36. Plaintiff suffered emotional distress, loss of privacy, and other harms as a direct result.

37. Plaintiff seeks compensatory damages, injunctive relief, and any other relief the Court deems appropriate.

**Count 5 — Public Disclosure of Private Facts**

38. Defendants disclosed or made accessible private facts and materials derived from Plaintiff's private or proprietary content to third parties and the public through model outputs, APIs, or platform distribution.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

7

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

39. The disclosed facts were not of legitimate public concern and their disclosure would be offensive to a reasonable person.

40. Plaintiff suffered reputational and other harms as a result.

41. Plaintiff seeks compensatory damages, injunctive relief requiring deletion and remediation, and other appropriate relief.

**Count 6 — Hawaii Unfair and Deceptive Trade Practices (HRS § 480-2)**

42. Defendants engaged in unfair or deceptive acts or practices in trade or commerce by representing or implying that their products and services respected third-party rights and privacy while systematically ingesting and exploiting third-party works without authorization.

43. These practices harmed Plaintiff and the market for creative works by depriving creators of licensing opportunities and by misleading consumers and commercial partners.

44. Plaintiff suffered economic injury as a proximate result of Defendants' unfair or deceptive practices.

45. Plaintiff seeks restitution, disgorgement, injunctive relief, and any statutory remedies available under Hawaii law.

**Count 7 — Negligence**

46. Defendants owed a duty to exercise reasonable care in acquiring, processing, and deploying third-party materials and in designing systems that would not foreseeably cause harm to creators or users.

47. Defendants breached that duty by failing to implement reasonable safeguards, by negligently acquiring and retaining proprietary materials, and by failing to prevent foreseeable misuse of ingested content.

48. Plaintiff's damages were proximately caused by Defendants' negligent conduct.

49. Plaintiff seeks compensatory damages according to proof, interest, and costs.

**Count 8 — Unjust Enrichment / Restitution**

50. Defendants received substantial economic benefits and profits from commercializing models and services that incorporated or were improved by Plaintiff's works.

CIVIL COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

51. It would be inequitable for Defendants to retain those benefits without compensating Plaintiff.

52. Plaintiff is entitled to restitution and disgorgement of profits attributable to the use of his works.

53. Plaintiff seeks disgorgement, restitution, and any other equitable relief the Court deems appropriate.

**Count 9 — Declaratory and Injunctive Relief**

54. An actual controversy exists regarding the legality of Defendants' ingestion, use, and distribution of Plaintiff's works.

55. Absent injunctive relief, Plaintiff will continue to suffer irreparable harm that cannot be fully remedied by monetary damages alone.

56. Plaintiff seeks a declaratory judgment that Defendants' practices violate federal and state law and a permanent injunction requiring, among other measures: (a) cessation of unauthorized use of Plaintiff's works; (b) deletion of unlawfully retained data and derivative outputs; (c) disclosure of data sources and ingestion practices relevant to Plaintiff's works; and (d) implementation of remedial measures to prevent future unauthorized use.

**V. PRAYER FOR RELIEF**

Plaintiff **Theodore Haugland** respectfully requests that the Court enter judgment in his favor and grant the following relief:

1. **Declaratory Relief** — A declaration that Defendants' ingestion, use, reproduction, distribution, and commercialization of Plaintiff's works, websites, product designs, and related materials violated the Copyright Act, the DMCA, the ECPA, Hawaii law (including HRS § 480-2), and other applicable federal and state law.

2. **Preliminary and Preservation Relief** — A temporary restraining order and preliminary injunction, pending final determination, including: (a) a preservation order requiring Defendants to preserve all data, training corpora, ingestion logs, model checkpoints, metadata, and communications relating to Plaintiff's works; (b) expedited discovery limited

CIVIL COMPLAINT

to data-source manifests, ingestion logs, CMI handling records, and documents sufficient to identify the scope of use of Plaintiff's materials; and (c) a narrowly tailored temporary asset freeze on funds traceable to commercial products or subscriptions demonstrably improved by use of Plaintiff's works, to preserve the status quo pending accounting.

3. **Permanent Injunctive Relief** — A permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert with them from: (a) using, reproducing, distributing, or otherwise exploiting Plaintiff's identified works without authorization; (b) incorporating Plaintiff-identified datasets, URLs, or proprietary sources into any future model training absent express license or court authorization; and (c) making materially false or misleading public statements about the provenance or licensing of their training data.

4. **Data Deletion, Disclosure, and Audit** — An order requiring Defendants to: (a) delete all copies, model weights, checkpoints, and derivative outputs that incorporate Plaintiff's proprietary materials, subject to a narrowly tailored forensic review; (b) disclose, under appropriate protective order, all data sources, ingestion manifests, and third-party providers used in training models that produced outputs derived from Plaintiff's works; and (c) submit to a court-supervised independent forensic audit to identify the scope and timing of use of Plaintiff's materials.

5. **Accounting, Disgorgement, and Restitution** — An equitable accounting of all revenues, profits, and other economic benefits attributable to Defendants' use of Plaintiff's works, and an order disgorging and awarding to Plaintiff the full amount of such profits and restitution of unjust enrichment.

6. **Monetary Damages** — An award to Plaintiff of: (a) actual (compensatory) damages for lost licensing, sales, and diminution in value of Plaintiff's works; (b) statutory copyright damages under 17 U.S.C. § 504 (or actual damages in the alternative) for each infringed work; (c) statutory damages under 17 U.S.C. § 1202 for DMCA/CMI violations; (d) damages under the ECPA and applicable state privacy torts for unauthorized access or

CIVIL COMPLAINT

disclosure; (e) disgorgement for unjust enrichment; and (f) punitive or exemplary damages where Defendants' conduct is willful, malicious, or fraudulent.

7. **Costs, Interest, and Fees** — Prejudgment and postjudgment interest, the costs of suit, expert fees, and reasonable attorneys' fees to the extent authorized by statute or equity.

8. **Remediation, Notice, and Compliance Measures** — An order requiring Defendants to: (a) implement a remediation program offering reasonable compensation or takedown/licensing remedies to affected creators identified by the audit; (b) adopt and publish provenance, CMI-preservation, and ingestion-policy controls; (c) submit to periodic independent compliance audits for a defined term; and (d) provide corrective disclosures to consumers and commercial partners where Defendants' prior statements materially misrepresented data provenance or licensing.

9. **Monitoring and Enforcement** — Appointment of a special master or compliance monitor, and quarterly reporting to the Court for a defined period (e.g., three to five years), to ensure compliance with injunctive and remedial orders.

10. **Further Relief** — Such other and further relief as the Court deems just and proper, including any equitable or statutory remedies that may be shown to be appropriate following discovery.

Plaintiff requests a jury trial on all issues so triable and reserves the right to amend this Complaint to specify particular works, quantify damages, and refine remedies as discovery and expert analysis proceed.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## VII. VERIFICATION AND SIGNATURE

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

11

CIVIL COMPLAINT

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Respectfully Submitted,

/Date/ July 17, 2026          /Signature/ _Theodore Haugland_

THEODORE HAUGLAND

99-009 Kalaloa St Ste D2016

Aiea, HI 96701-3498

Telephone: (202)933-3332

Facsimile: (202)933-3335

administrator@civillawinc.com

**Plaintiff,** *Pro Se*

12

CIVIL COMPLAINT